[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband was married to the defendant wife on May 21, 1977, in Norwich, Connecticut. Her birth name was Kargul.
Both of the parties have continuously resided in the State of Connecticut for at least one year prior to the commencement of the action.
No children were born to the wife nor have any children been adopted by the parties.
This is a marriage of fifteen-and-a-half years and one which, apparently, has been in trouble for a number of years.
The husband, who is 40 years of age and in good health, attributes the breakdown primarily to have been caused by the wife. He testified that she was never supportive of his Navy career, had trouble with many of her CT Page 867 jobs, did not like his parents and was generally very critical of others. As a result of her behavior, they had few friends. There was also very little intimacy in the relationship. It got to the point that he would no longer approach his wife because he could not accept the rejection. In 1988, he suggested counselling. His wife refused. In 1990, he sought counselling alone and concluded that the marriage was irretrievably broken down. In February 1991, the divorce was commenced and the parties separated. The husband has been living with another woman since June 1992.
The wife attributes the breakup of the marriage to the husband's mood swings and his treatment of women. She also denies that she was not supportive of his career. The testimony supports her contention that she never missed a "homecoming" and was, in fact, active in Naval wives' groups.
The Court cannot conclude with any degree of certainty, that one party was at greater fault for the breakdown than the other.
The wife is 36 years of age, in apparent good health, and, like her husband, is a high school graduate. She has been employed throughout the marriage and presently earns approximately $19,500 gross per year.
The husband is a fire control technician for the U.S. Navy and earns approximately $43,000 per year. However, his earnings, because of the divorce, will be reduced by $75 per week B.A.Q. Since May 1991, he has paid $225 per week as periodic alimony.
In 1994, he will be eligible for his 20-year pension.
On the basis of the evidence presented, the Court also finds that the marital real estate has a minus equity of $16,000.
Both of the parties have requested the marital real estate. The husband is fearful that the wife will be unable to maintain the mortgage and that as a result, a foreclosure will ensure and he will be responsible for the deficiency. The wife claims that, some how or other, she will be able to maintain the property and that it will not be lost to CT Page 868 foreclosure. The Court is also aware of the onerous mortgage payment and has a concern about the ability of either party to pay the mortgage.
Having considered all of the criteria mandated under the provisions of Connecticut General Statutes 46b-81
and 46b-82, the Court further orders as follows:
(1) The marriage has broken down irretrievably and a decree of dissolution may enter.
(2) The husband shall pay to the wife as periodic alimony, the sum of $250 per week which alimony shall terminate upon the happening of the first of the following events:
a. The death of either party
b. remarriage or cohabitation by the wife
c. five years from the date of this decree
Alimony shall be non-modifiable as to term.
(3) The plaintiff shall maintain his present life insurance policy naming the defendant as irrevocable beneficiary for so long as he is obligated to pay alimony.
(4) The wife's birth name of Kargul is restored to her.
(5) By judicial decree, title to the marital premises shall vest in the plaintiff husband. The wife shall have exclusive possession of the premises for ninety days, and during said occupancy, she shall be responsible for the mortgage payments, including taxes and insurance.
The husband shall be responsible for the payment of the mortgage, taxes and insurance upon the completion of the wife's occupancy of the premises. He shall hold her harmless and indemnify her from any and all claims as a result of his failure to pay said obligations. In the event of sale or foreclosure, which may result in any deficiency, the husband will be responsible solely to pay for said deficiency.
(6) The wife will be able to remove as her own CT Page 869 property all of the furniture with the exception of the following:
a. refrigerator
b. kitchen range
c. dishwasher
d. ceiling fans
e. mini blinds
(7) Except as otherwise provided, each of the parties shall be responsible for his or her own liabilities, however, the plaintiff shall pay to the defendant, as an allowance to prosecute, the sum of $1,250 within sixty days.
(8) As a property settlement and pursuant to the Uniform Former Spouses Protection Act, the Court awards to the defendant wife 20 percent of the plaintiff's retirement pay when and if he starts to receive same, which percentage shall be applied as follows:
 One-third of 15 years divided by the total number of years of Navy service. For example, if there was 25 years of service, the defendant would receive one-third of 15/25 or 20 percent of the total gross retirement.
Payment shall be by direct allotment pursuant to a certified court order to be prepared by counsel for the defendant. Payment shall terminate upon the death of either party.
Plaintiff shall notify defendant immediately upon his election to retire from the Navy which hereby shall be by certified mail, return receipt requested.
Both parties shall provide the other with all address changes.
Mihalakos, J. CT Page 870